**In the United States District Court
for the District of Kansas**

———————

Case No. 20-cv-02225-TC

———————

RONALD RAGAN, JR.,

*Plaintiff*

v.

VINSOLUTIONS, INC., ET AL.,

*Defendants*

———————

**MEMORANDUM & ORDER**

Ronald Ragan, Jr. sued VinSolutions, Briggs Auto Group, and Rusty Eck Ford, asserting that Defendants infringed upon his copyrighted "Guest Sheet" that he used in his automobile sales business in violation of 17 U.S.C. § 501. Doc. 1. Following the Eighth Circuit's rejection of this claim, Defendants moved to dismiss and for judgment on the pleadings. Doc. 91; *see also* Doc. 95 (setting a briefing schedule to address the impact of the Eighth Circuit decision). For the following reasons, Defendants' motion is granted.

**I**

**A**

The standards applicable to Rule 12(b)(6) and 12(c) motions are the same. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement … showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two "working principles" underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements.

*Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts, viewed in the light most favorable to the claimant, must move the claim from conceivable to plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). In other words, the nature and complexity of the claim(s) define what plaintiffs must plead. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

Ordinarily, a motion to dismiss is decided on the pleadings alone. But "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted). A court may also consider documents necessary to resolve disputed jurisdictional facts when a party challenges the factual basis for subject matter jurisdiction. *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 507–09 (10th Cir. 2023).

**B**

Ragan has worked in the automotive industry for four decades. Doc. 1 at ¶¶ 11, 14.[1] Part of his work includes training other automobile sales personnel. *Id.* at ¶ 11. Ragan created a "Guest Sheet" that he uses in his "consulting, training and other advisory services to his

---

[1] All references to the parties' briefs are to the page numbers assigned by CM/ECF.

clients." *Id.* at ¶ 3. Ragan obtained a copyright registration with the United States Copyright Office in 1999 for the Guest Sheet. *Id.* at ¶ 13.

The Guest Sheet is a one-page form with five containers for information. Doc. 1-1 at 3. At the top, there is space to record the guest's name, address, phone number, and salesman. *Id.* Below that is a box titled "How Did You Hear About Us?" with eight possible choices. *Id.* Then, there are two boxes, one with a heading, "Vehicle Considered," and the other with "Trade Info," followed by prompts and space for additional information. *Id.* Finally, the bottom of the page has a section titled "Drive Home Today Budget," and it has spaces to record the customer's "Desired Monthly Payment" and "Desired Cash Down." *Id.*

Ragan gave this Guest Sheet to some of his contacts in the industry as part of the consulting and training he provided. Doc. 1 at ¶ 14. He alleges that one or more of those contacts copied the Guest Sheet and that each of the three Defendants is unlawfully infringing on his copyright interest by using the Guest Sheet in their own businesses. Doc. 1.

Defendants moved to dismiss Ragan's claim, arguing that the Guest Sheet is not copyrightable because it is a blank form designed only to record information but not convey it. Doc. 92. While Ragan's case against Defendants was pending, the Western District of Missouri considered the copyrightability of the Guest Sheet in a case Ragan brought against a different defendant. Doc. 78; *see also Ragan v. Berkshire Hathaway Auto., Inc.* (*Berkshire I*), No. 18-1010, 2022 WL 22328934 (W.D. Mo. Mar. 10, 2022). In that case, the defendant's motion for judgment on the pleadings was granted because the Guest Sheet was not copyrightable as a blank form. *Berkshire I*, 2022 WL 22328934, at *6. Ragan moved for reconsideration, which was denied. Doc. 78. Then he appealed, and the Eighth Circuit affirmed the district court's decision. Doc. 87, *see also Ragan v. Berkshire Hathaway Auto., Inc.* (*Berkshire II*), 91 F.4th 1267, 1271 (8th Cir. 2024). While each of those proceedings was pending, discovery in this case was stayed and the parties instructed to renew their motions upon their resolution. Docs. 78, 87, 90.

After the Eighth Circuit held that Ragan lacked a valid copyright interest in the Guest Sheet, Defendants renewed their motion to dismiss and for judgment on the pleadings. Doc. 91. They assert that Ragan's claims should be dismissed on collateral estoppel grounds and

3

on the merits of the Guest Sheet's copyrightability. *Id.* Ragan opposed, Doc. 100, and Defendants replied, Doc. 101.

## II

Defendants argue that Ragan is precluded from relitigating the copyrightability of the Guest Sheet because the Western District of Missouri held—and the Eighth Circuit affirmed—that it is a blank form designed solely to record information. Doc. 92 at 2. Ragan has not sufficiently shown how this case involves issues different than those in *Berkshire*. As a result, Defendants' motion is granted because collateral estoppel bars his claims.

Defendants contend that the doctrine of collateral estoppel, or issue preclusion, bars Ragan from relitigating an essential element of his copyright infringement claim: ownership of a valid copyright. Doc. 92 at 1–2. That doctrine requires the party seeking to preclude the litigation to establish four elements. *Boulter v. Noble Energy Inc.*, 74 F.4th 1285, 1289 (10th Cir. 2023). The party must show that the issue to be precluded was "actually litigated and necessarily adjudicated" in the prior case, that the party to be estopped "was a party to or was in privity with a party to the prior proceeding," that the other case reached "a final judgment on the merits," and that the party to be estopped "had a full and fair opportunity to litigate the issues" in the prior case. *Id.* at 1289.

Defendants assert that all four elements of collateral estoppel are satisfied, precluding Ragan from relitigating the copyrightability of the Guest Sheet. Doc. 92 at 3–7. Ragan does not dispute that he was a party in *Berkshire*, nor that he had a full and fair opportunity to litigate the issues in that case. Doc. 100 at 6–7. He disagrees, however, that an identical issue to the one he raises in this case was resolved in *Berkshire*. *Id.* at 3–5. He also contends that *Berkshire* did not reach a final judgment on the merits. *Id.* at 5–6.

An essential element of Ragan's claim—the copyrightability of the Guest Sheet—is identical to the issue decided against Ragan in *Berkshire*. *Contra* Doc. 100 at 3–5. In *Berkshire*, the Western District of Missouri (and later the Eighth Circuit) considered Ragan's claim that he owned a copyright of the same Guest Sheet at issue in this case. *Berkshire I*, 2022 WL 22328934, at *2–6; *see also Berkshire II*, 91 F.4th at 1270–71 Both held that he did not and could not because it was a blank sheet. *Berkshire II*, 91 F.4th at 1271. The Eighth Circuit explained that

"the copyrightability of the Guest Sheet can be determined by an examination of the Guest Sheet alone." *Id.* Accordingly, the issue in *Berkshire*, which was Ragan's ownership interest in the Guest Sheet, "is substantively identical to the one [considered] here." *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014) (concluding that the issue of ownership interest in the same movie characters was "substantively identical" to a case challenging that same ownership interest for collateral estoppel purposes).

And there is no dispute that *Berkshire* reached a final judgment on the merits. His argument was that *Berkshire* did not reach a final judgment on the merits because, when he filed his pleadings, the Supreme Court had not acted on his petition for writ of certiorari. Doc. 100 at 5–6. On November 4, 2024, however, the Supreme Court denied Ragan's petition. *Ragan v. Berkshire Hathaway Auto.*, --- S. Ct. ---, 2024 WL 4655044 (2024). As a result, Ragan has not shown that *Berkshire* did not result in a final judgment on the merits.

All four elements of collateral estoppel are satisfied. As a result, Ragan is precluded from relitigating the copyrightability of the Guest Sheet. *See Stan Lee Media, Inc.*, 774 F.3d at 1300 (holding that a plaintiff was precluded from relitigating its copyright interest in a work because the Ninth Circuit already decided the same issue on the merits).

Ragan's opposition does not overcome this result. He contends that the issue in *Berkshire* is not identical to the one he raises here because the controlling facts and law have changed since *Berkshire* was decided. Doc. 100 at 3. Neither point is valid.

Take the facts first. Ragan asserts the facts are different in this case because the Complaint in this case alleges that he uses the Guest Sheet in the "consulting, training and other advisory services to his clients." Doc. 100 at 3 (citing Doc. 1 at ¶ 14). This is different than *Berkshire*, Ragan asserts, because an "indisputably training / educational tool is conveying information to those being trained / educated." Doc. 100 at 3. But this exact argument was presented to and rejected by the Eighth Circuit in *Berkshire II*. It reasoned that the "Guest Sheet does not tell a car salesperson how to do his or her job; it is merely a means of capturing and retaining information routinely considered when a car salesperson seeks to sell a car." *Berkshire II*, 91 F.4th at 1271. So, Ragan cannot use the fact that he alleges here that he used the Guest Sheet as a teaching tool to distinguish the issue in this case from that in *Berkshire* because the Eighth Circuit considered that contention. *See id.*

5

Ragan also tries to distinguish the facts from those in *Berkshire* by arguing that he has obtained a second copyright for the database version of the Guest Sheet. Doc. 100 at 4. But the only copyright Ragan purports to have in the Complaint is the one obtained on the Guest Sheet in 1999. Doc. 1 at ¶ 13. Arguments made in response to a Rule 12 motion may not "amend" the allegations contained in a complaint. *Hayes v. Whitman*, 264 F.3d 1017, 1025–26 (10th Cir. 2001). Indeed, the Complaint makes no mention of the database version, nor does Ragan allege that Defendants infringed his ownership interest in that version. Likewise, he fails to establish how or why that would or should lead to a substantively different result in light of *Berkshire II*'s holding.

It is the same with the controlling law. Ragan asserts that *Zahourek Systems, Inc. v. Balanced Body University, LLC*, 965 F.3d 1141 (10th Cir. 2020), changed the controlling law regarding how copyrightability issues are analyzed. Doc. 100 at 4. In that case, the Tenth Circuit analyzed whether a sculptural work that portrays the human body was a "useful article" under copyright law, meaning the structure has "an intrinsic utilitarian function that is not merely to portray the appearance of the article to convey information." *Id.* at 1144. It treated that analysis as a mixed question of law and fact. *Id.* at 1143.

*Zahourek* is irrelevant to Ragan's claim for at least two reasons. First, it does not represent a change in controlling law between *Berkshire* and this case because *Zahourek* was decided by the Tenth Circuit four years *before* the Eighth Circuit held Ragan lacked a copyright in the Guest Sheet.

Second, *Zahourek* did not represent an intervening change in the controlling law. *See United States v. Arterbury*, 961 F.3d 1095, 1105 (10th Cir. 2020) (concluding that a circuit case does not change the controlling law for collateral estoppel purposes if it "did not change any governing legal principles" but simply "applied long-established ones"). In fact, *Zahourek* applied a 2013 case for the unremarkable proposition that whether a work is a "useful article" is a mixed question of law and fact. *Id.* at 1143 (citing *Enter. Mgmt. Ltd. v. Warrick*, 717 F.3d 1112, 1117 n.5 (10th Cir. 2013). Nothing within *Berkshire II* contradicts or is in tension with Tenth Circuit law. To the contrary, *Berkshire II* is in accord: "Where no dispute about the facts exists, we will address copyrightability as a question of law." *Berkshire II*, 91 F.4th at 1269.

Still, Ragan argues that Defendants cannot rely on collateral estoppel to preclude his claims because they did not raise it in their answer. Doc. 100 at 2. Collateral estoppel is an affirmative defense subject to waiver if it is not raised in a responsive pleading. *See* Fed. R. Civ. P. 8(c). But the Tenth Circuit has explained that the rule need not be so strictly construed in light of its purpose to give notice of anticipated defenses so the plaintiff is not prejudiced at trial. *Ahmad v. Furlong*, 435 F.3d 1196, 1201–04 (10th Cir. 2006). And there is good reason it was raised when it was: Defendants raised their collateral-estoppel defense in their first renewed Motion to Dismiss on October 20, 2022, nine days after the Western District of Missouri decided *Berkshire I*. Doc. 82. This gives Ragan sufficient notice of the affirmative defense. *See Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1443–44 (10th Cir. 1992) (concluding that raising the affirmative defense of collateral estoppel in a summary judgment motion three months before trial was sufficient to not prejudice the plaintiff). Accordingly, they did not waive their collateral estoppel defense.

### III

For the foregoing reasons, Defendants' Motion to Dismiss and for Judgment on the Pleadings, Doc. 91, is GRANTED.

It is so ordered.

Date: December 23, 2024          s/ Toby Crouse
                                 Toby Crouse
                                 United States District Judge